

**U.S. Department of Justice**

*United States Attorney*
*District of Maine*

| | |
|---|---|
| *100 Middle Street* | *(207) 780-3257* |
| *6th Floor, East Tower* | *TTY (207) 780-3060* |
| *Portland, ME 04101* | *Fax (207) 780-3304* |
| | *www.usdoj.gov/usao/me* |

December 23, 2025

Anastasia Dubrovsky, Clerk of Court
U.S. Court of Appeals for the First Circuit
John Joseph Moakley United States Courthouse
1 Courthouse Way, Suite 2500
Boston, MA 02210

Re:     *United States v. Rebollar Osorio*, CA No. 24-2043
        Oral argument held September 3, 2025
        Citations of Supplemental Authority Pursuant to Fed. R. App. P. 28(j)[1]

Dear Ms. Dubrovsky:

The United States respectfully calls the Court's attention to two recent circuit decisions in which courts have held that 18 U.S.C. § 922(g)(5)(A) complies with the Second Amendment.

In *United States v. Duque-Ramirez*, No. 24-6257, 2025 WL 3637480 (10th Cir. December 16, 2025), the Tenth Circuit rejected the defendant's as-applied challenge to 18 U.S.C. § 922(g)(5)(A). At step one of the *Bruen*[2] test, the court followed its prior circuit precedent and "assume[d] without deciding" that Duque-Ramirez "belong[ed] to the people protected by the Second Amendment." *Id.* at *8. At *Bruen* step two, however, the court "easily" concluded that § 922(g)(5) was constitutional and therefore rejected Duque-Ramirez's Second Amendment challenge. *Id.* at *7. The court found "compelling evidence" that § 922(g)(5) was "consistent with this Nation's historical tradition of firearm regulation" based on a "tradition of disarming individuals presumed to be loyal to a foreign sovereign who had not sworn their allegiance via a method prescribed by the legislature." *Id.* at *7, *9.

---

[1]     Consistent with Fed. R. App. P. 28(j), this letter is being submitted after oral argument but before decision, and the body of this letter does not exceed 350 words.

[2]     *New York State Rifle & Pistol Ass'n v. Bruen*, 597 U.S. 1 (2022).

Likewise, in *United States v. Escobar-Temal*, No. 24-5668, 2025 WL 3632831 (6th Cir. Dec. 15, 2025), the Sixth Circuit upheld the constitutionality § 922(g)(5)(A) against a Second Amendment challenge. Although the Sixth Circuit found, at *Bruen*'s first step, that Escobar-Temal was part of "the people" within the meaning of the Second Amendment based on his "sufficient connections to the national community," *id.* at *7, it too found that the Nation's history and tradition supported the constitutionality of § 922(g)(5)(A) at *Bruen*'s second step. *Id.* at *11. Specifically, the court held that it was "well established at the time of the founding" that "those who have no formal relationship with the government and . . . cannot be appropriately regulated may be prohibited from possessing guns." *Id.* The court therefore rejected Escobar-Temal's facial and as-applied challenges to the statute. *Id.* at *12, *13.[3]

The decisions in *Duque-Ramirez* and *Escobar-Temal* support the government's argument that § 922(g)(5)(A) is constitutional both on its face and as applied to Rebollar Osorio.

Respectfully submitted,

ANDREW B. BENSON
United States Attorney

*/s/ Brian S. Kleinbord*
Brian S. Kleinbord
Assistant U.S. Attorney

---

[3] Judge Thapar filed a separate opinion, concurring in the judgment only. He would have held, at step one, "that illegal aliens are not part of the 'political community' and thus not entitled to the same rights as citizens." *Id.* at *31.

**UNITED STATES COURT OF APPEALS**
**FOR THE FIRST CIRCUIT**

**CERTIFICATE OF SERVICE**

I hereby certify that on December 23, 2025, I electronically filed the foregoing Rule 28(j) Letter, with the Clerk of Court using the CM/ECF system, which will send notification of such filing to the following:

Jamesa J Drake
Drake Law LLC
PO Box 56
Auburn, ME 04212

*/s/ Kate Curtis*
Kate Curtis
Paralegal Specialist
